UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSELITO RICAFORT,            | No. C 06-2874 MHP (pr) |
|     Petitioner, | **ORDER OF DISMISSAL** |
|     v. | |
| THOMAS CAREY, warden, | |
|     Respondent. | |

Joselito Ricafort has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 alleging that he should be released on bail while removal proceedings are pursued against him. His petition is now before the court for initial review.

The petition discloses that, at the time he filed this petition, petitioner was in custody at the California Medical Facility in Vacaville serving a sentence on a conviction from San Francisco County Superior Court. A detainer letter had been filed on December 20, 2005 by the U.S. immigration service – formerly known as the Immigration & Naturalization Service and now known as, and referred to throughout this order, as the Bureau of Immigration and Customs Enforcement ("BICE").

The petition has an incurable flaw: petitioner does not meet the custody requirement. Federal jurisdiction over a petition for a writ of habeas corpus exists only for petitions filed by persons "in custody" at the time the petition is filed. See 28 U.S.C. § 2241(c); Carafas v.

LaVallee, 391 U.S. 234, 238 (1968). "'[T]he bare detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available.'" Campos v. INS, 62 F.3d 311, 314 (9th Cir. 1995) (quoting Garcia v. Taylor, 40 F.3d 299, 303 (9th Cir. 1994)). The petitioner has to be in custody for the action he seeks to challenge in his habeas petition at the time he files his petition. At the time of the filing of the petition here, petitioner was incarcerated in a California prison serving a sentence following a conviction in state court and not as a result of the BICE detainer filed against him at the time he filed this action. He had no right to bail while serving his state prison sentence. Because he was not in BICE's custody when he filed the action, his petition challenging BICE's action or inaction on his bail request must be dismissed for lack of jurisdiction.

This action is DISMISSED for lack of jurisdiction. The clerk shall close the file.

IT IS SO ORDERED.

DATED: August 29, 2006

Marilyn Hall Patel
United States District Judge